BENBOW–BRAMMER MFG. CO. v. RICHMOND CEDAR WORKS et al.

(Circuit Court, N. D. Illinois, E. D. November 22, 1906.)

No. 28,245.

PATENTS—INFRINGEMENT—MECHANICAL MOVEMENT.

The Schroeder patent, No. 535,465, claim 1, for means for operating washing machines as construed in prior adjudications, and limited by the prior art, *held* not infringed, on a motion for a preliminary injunction.

In Equity. On motion for preliminary injunction.

Poole & Brown, for complainant.
Charles C. Bulkley, for defendants.

KOHLSAAT, Circuit Judge. This suit is brought to restrain defendants from infringing claim 1 of patent No. 535,465, granted to John Schroeder, March 12, 1895, for new and useful improvements in "means for operating washing machines." Claim 1 reads as follows:

"(1) An operating shaft having a rotary reciprocating motion, a cylinder placed upon the shaft and having a sliding movement thereon, and through which cylinder motion is alone communicated to the shaft, and a double row of teeth or cogs upon the cylinder extending at an angle to the shaft, combined with a driving shaft having means for revolving it attached to one end, and a wheel for engaging the teeth on the cylinder at the other, the driving shaft being driven continuously in one direction, substantially as shown."

The cause is now before the court on a motion for a preliminary injunction.

In view of the record and the decisions of the courts in Brammer v. Schroeder, 106 Fed. 918, 46 C. C. A. 41 (by the Circuit Court of Appeals for the Eighth Circuit, affirming Judge Shiras of the Circuit Court); B. & B. Mfg. Co. v. Simpson Mfg. Co. (C. C.) 132 Fed. 614, rendered by Judge Seaman, and B. & B. Mfg. Co. v. Heffron-Tenner Co. (C. C.) 144 Fed. 429, rendered by Judge Ray, all sustaining the validity of the patent in suit, that fact must be deemed sufficiently established for the purposes of this proceeding; so that the question now involved is: Does defendant's device infringe? In arriving at a proper disposition of this question, it is important that the court ascertain just what is the scope of the patent in suit as disclosed by the claim, specification, and decisions of the courts above cited, together with such other facts in evidence herein as bear upon that subject, including the prior art.

Claim 1 in suit is, upon its face, for a mechanical device whereby a reciprocating rotary motion may be obtained in the thing driven, while the driving shaft is operated continuously in one direction. The specifications set out that the object of the invention is to provide a mechanism for use in operating reciprocating rotary washing machines, and it is for the use thereof in connection with washing machines that the bill proceeds. It is plain, however, that the device is one which may be used in any connection requiring reciprocating rotary motion. This position was taken in the following language by the patentee before the Circuit Court of Appeals for the Eighth Circuit in Brammer v. Schroeder above cited:

"Appellee simply claims to be the inventor of the means employed for effecting this action of the stirrer-shaft, and not the function of washing clothes in a tub by the backward and forward revolution of the stirrer-head, and, in this connection, it will be observed, that the claims of the patent in suit are drawn simply to cover said means, and that the language of these claims does not limit the combination of elements embodied therein to washing machines."

The fact that it was patentee's invention, primarily, to use it in driving washing machines is not to the purpose. It is a device for general use in attaining the reciprocating rotary motion, well adapted, presumably, for use in connection with washing machines. The court, however, must deal with it as unrelated to such machines, further than that use may be found to throw light incidentally upon the construction to be placed upon it. From the claim it is apparent that this reciprocating rotary movement is obtained by the combined use of (1) a stationary or fixed driving shaft having means for revolving same at its outer end, and a wheel or cog at or about its inner end for engaging

teeth upon a cylinder made vertically movable upon an operating post; (2) a cylinder placed upon the operating post, having a vertical sliding-movement thereon and a double row of teeth or cogs meshing with the wheel or cog of the driving arm or shaft in such a manner as to give it a reciprocating rotary motion, which it in turn imparts to the operating post.

It will be noted that the thing driven, under the terms of the claims, is the operating post. What use that movement may be applied to, is not anywhere limited in the claim. It is with regard to this mechanical device that the condition of the art must be considered, and not necessarily with relation to its relation to wash tubs. Considering, then, the elements of the patent in suit in the order stated, it may be definitely stated that the securing of reciprocating action from a continuous or straightforward actuation of a driving shaft is very old; as is also reciprocating rotary motion. The former is shown clearly in mechanical movements 197 and 198, contained in the book entitled: "507 Mechanical Movements." No. 371 of the same book, shows a reciprocating rotary movement. It is also disclosed in the ancient and well-known mangle-wheel device. Moreover, it appears in a number of washing machine patents set out in the record. Indeed, that it is old, is conceded by complainant. Very many devices for effecting this result—some of them cumbersome, complicated, and unsatisfactory—are referred to in the record. Such, complainant's expert finds the case to be with the "Brammer Lever," "Davenport Rotary," and "Original Benbow Rotary" patented devices. However, it must be remembered that this testimony was given with reference to the use of these devices in operating washing machines. The mechanical movement known as "No. 371" is in said book described as a "modification of mangle wheel motion." It is further therein said:

"The large wheel is toothed on both faces, and an alternating circular motion is produced by the uniform revolution of the pinion, which passes from one side of the wheel to the other through an opening on the left of the figure."

This is, it seems to me, substantially defendant's device. In complainant's device, the pinion on the driving arm is stationary and the teeth located upon the cylinder move about it. This movement as adapted to reciprocating movement alone, is substantially shown in "Mechanical Movement 198" above referred to. The universal joint and floating driving arm of defendant is substantially shown in No. 197 of same book. The rotary movement is added to the reciprocating movement by placing the teeth upon the cylinder or driven post as in No. 371, instead of in a straight line, as in Nos. 197 and 198. To restate the difference between the devices in suit, it should be noted that the complainant's device is operated by means of the teeth of a vertically sliding cylinder meshing with the teeth upon a stationary driving shaft, while defendant's device is actuated by the meshing of the teeth upon a moving driving shaft, having teeth mounted upon and integral with a driven post, which is vertically stationary.

It is complainant's contention that defendant's movement is merely an equivalent of its device. That the two effect the same result is

obvious. In view, however, of the state of the art, it is evident that a very narrow construction should be given to the patent in suit; so that unless defendant's device is in all respects an equivalent, the general rule should not be applied. That complainant was the first to apply the movement to washing machines, has little to do with the case. Resting the validity of the patent in suit, for the purposes of this motion, largely upon the decision of the cases cited from the Eighth Circuit and that of Judge Seaman, it is important to ascertain upon what ground the patent was in those cases sustained. In all of them, the court found that the alleged infringing devices employed complainant's sliding cylinder. The infringing device in the former case varied the precise means employed by the patent here in suit for elevating and lowering the cylinder. That before Judge Seaman involved the use of a single row of teeth upon the cylinder, instead of a double row as contained in the patent in suit. The opinion in the former case (106 Fed. 918, 46 C. C. A. 41) sets out at considerable length, what it found to be the patentable novelty in the Schroeder device. "It is plain," says the court, "that the cog bearing, actuating, sliding cylinder was the element of this combination which embodied its principle and distinguished its mode of operation from those which preceded it. This principle has been appropriated by appellant." And again:

"What Schroeder described and claimed here, was the cog bearing, actuating, sliding cylinder in combination; not the specific form of that cylinder which he described, nor the identical means he pointed out to hold its cogs in mesh with the pinion, but this tooth-bearing, actuating, sliding cylinder in combination with the driving shaft and pinion and the angular operating shaft of the washing machine."

After defining the principle of a machine to be "its mode of operation, or that peculiar combination of devices which distinguish it from other machines," the same court adds:

"Now what was the principle of Schroeder's invention? What was the advance in the progress of the art which his combination marked? What was the peculiar combination of devices which distinguished his from all prior machines? It was the combination of the sliding cog-bearing cylinder, by which alone the reciprocating rotary motion was imparted to the operating shaft, with the old and familiar elements of his combination. The history of the prior art has been searched in vain for any device or machine in which a sliding actuating cylinder on the operating shaft, provided with cogs or cog wheels adapted to mesh with those of the driving wheel, is disclosed. The use of such a sliding cylinder to impart motion to the shaft, in combination with the other parts of this machine designated in the first claim of this patent, was new in the art."

In Benbow-Brammer Co. v. Simpson Mfg. Co., supra, defendant had substituted a single row of teeth for the double row of complainant's patent. On application for a preliminary injunction, Judge Seaman granted the motion, citing with approval the language just quoted. The specifications of the patent in suit limit the device to a sliding cylinder in combination. In order that the operating shaft may be grasped by the cylinder. it is made square or angular. Defendants' operating shaft, being rigidly integral with the teeth constituting a part of the driving device, entirely eliminates this feature of the patent in suit. Unless novelty may be predicated upon the sliding

149 F.—28

cylinder and its adjustment to the reciprocating device, there would seem to be no escape from the conclusion that it was a bodily appropriation of the prior art—not of one or more elements, but of a prior combination of elements placed in the same relation to each other and producing the same result, with such slight modifications as would readily occur to anyone versed in the art.

As for defendants' device, it is almost a Chinese copy of mechanical movement 371 above noted. It can be read almost literally upon the device of the Norris English patent (1875), for improvements in the method of actuating washing machines. The latter employs the floating arm, which swings upon a pivoted bearing instead of the universal joint used by defendant. The mangle art of which all these washing machine actuating devices are but modifications, must be deemed an analogous art. Assuming, therefore, that the patent in suit is established for the purposes of this proceeding, it seems clear from the foregoing that, so far as may be determined from the present record, its validity rests entirely upon the use of the sliding cylinder and its adaptation to the uses set out. If that be so, it follows that defendant's device does not infringe, and the motion for a preliminary injunction must be, and is, denied.