BENBOW–BRAMMER MFG. CO. v. STRAUS et al.

(Circuit Court of Appeals, Second Circuit. December 15, 1908. Rehearing Denied January 4, 1909.)

No. 158.

PATENTS (§ 328*)—INFRINGEMENT—MEANS FOR OPERATING WASHING MACHINES.

The Schroeder patent, No. 535,465, for means for operating washing machines, claim 1, discloses patentable invention, and, while the invention is not generic, it is one of unusual merit, which entitles the patent to a liberal construction and a fair range of equivalents as so construed. *Held* infringed.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

On appeal from a decree holding valid and infringed claim 1 of letters patent No. 535,465, granted to John Schroeder, March 12, 1895, for improvements in "means for operating washing machines."

The patent has been before the courts in the following cases: Schroeder v. Brammer (C. C.) 98 Fed. 880 (Shiras, J.); Brammer v. Schroeder, 106 Fed. 918, 46 C. C. A. 41; Benbow-Brammer Co. v. Simpson Mfg. Co. (C. C.) 132 Fed. 614 (Seaman, J., on motion for injunction); Same v. Heffron-Tanner Co. (C. C.) 144 Fed. 429 (Ray, J.); Same v. Richmond Cedar Works (C. C.) 149

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Fed. 430 (Kohlsaat, J., on motion for injunction); Same v. Lee S. Knapp (Anderson, J., D. Indiana; no opinion filed); Same v. Wayne Mfg. Co. (C. C.) 157 Fed. 559 (Dyer, J.); Same v. Richmond Cedar Works (C. C.) 159 Fed. 161 (Kohlsaat, J., on final hearing). In all of these decisions the patent has been sustained, but in the case against the Richmond Cedar Works it was held not to be infringed.

The decision of the Circuit Court is reported in Benbow-Brammer Mfg. Co. v. Straus, 158 Fed. 627.

Wm. Houston Kenyon, Charles C. Bulkley, C. D. Davis, and W. R. Davis, for appellants.

Philip Mauro, Taylor E. Brown, C. Clarence Poole, and Ralph L. Scott, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The first assignment of error is as follows:

"The court erred in holding the letters patent in suit, No. 535,465, to be good and valid in law as respects the first claim thereof."

We do not understand that the defendants rely with great confidence upon this assignment. However this may be we are convinced that the first claim is valid and deem it unnecessary to add to what has been said over and over again in the prior decisions. If the doctrine of stare decisis has not become obsolete in patent causes it surely should be applicable to a case where litigation has been fierce and persistent for eight years and where the decisions have been uniform in sustaining the validity of the claim. We can add nothing to the argument in favor of validity found in the prior opinions.

The decision of the Circuit Court of Appeals of the Eighth Circuit, sustaining the patent, was made February 25, 1901, but infringements have continued to the present time, thus affording silent but persuasive confirmation of the value of the patented combination. The presumption that Schroeder's contribution to the art was a meritorious one grows more cogent as time goes on and effort after effort to evade his claim is made and defeated. If his machine is no better than prior machines, why is it that there is such a determined effort to make, use and sell it? Why is it that at the risk of being haled into court for their acts infringers continue to exist? We think the answer is obvious. Schroeder, by an ingenious and lucky combination of old elements, has produced a machine exactly suited to the needs of the user. Easily manipulated, simple in construction, effective in operation and reasonable in price, it naturally supplanted other machines of this type.

The second assignment presents the only debatable question in the record. It is as follows:

"The court erred in holding the defendants have infringed the first claim of the said letters patent."

In approaching the consideration of this question we feel justified, in view of the facts to which brief allusion has been made, in placing a liberal construction upon the claim. The invention, though not generic, was one of unusual merit, entitling the patentee to a fair range of equivalents. That the machine of the defendants performs the same function and accomplishes the same result must be conceded; the only question, therefore, remaining to be decided is whether they

perform that function and accomplish that result in substantially the same manner as the complainant.

The claim in controversy is as follows:

"1. An operating shaft having a rotary reciprocating motion, a cylinder placed upon the shaft and having a sliding movement thereon, and through which cylinder motion is alone communicated to the shaft, and a double row of teeth or cogs upon the cylinder extending at an angle to the shaft, combined with a driving shaft having means for revolving it attached to one end, and a wheel for engaging the teeth on the cylinder at the other, the driving shaft being driven continuously in one direction, substantially as shown."

The claim relates to improvements in washing machines of the agitator type by which the clothes to be washed are given a reciprocating movement of rotation within the tub. The operator, who revolves a crank continuously in one direction, causes the stirrer head, which agitates the clothes in the water of the tub, to revolve first in one direction and then in an opposite direction. The distinguishing feature of the invention was the agitation of the clothes in the stationary tub by the continuous rotating of the driving crank in one direction. The prior art has been so carefully and thoroughly considered in the former opinions that we deem it unnecessary to enter into a detailed discussion thereof. Suffice it to say that after an examination of the record we find nothing which anticipates the claim or limits it to the exact structure described and shown. The various elements, considered separately, were well known but we can find no instance where they were combined in a machine of this type to do the work in question.

The defendants' structure is described at length, and we think correctly, in the opinion of the judge of the Circuit Court. It shows a skillful attempt to avoid the claim by the substitution of well known equivalents for some of the elements which do the identical work of the Schroeder combination. In both structures the stirrer is agitated by a rack and pinion motion, the rack being located on the operating shaft and the pinion on the driving shaft. The main difference between the two is that in Schroeder's machine the reciprocating motion is produced by the up and down movement of the rack and in defendants' by the up and down movement of the pinion. This change is accomplished by substituting for the driving shaft of the claim a driving shaft which, as the defendants' brief asserts, "is well known in mechanics as a 'floating' shaft," and making the necessary mechanical changes incident to the substitution.

We are dealing, not with a great invention, but with a meritorious one which has made a distinct advance in the art in question. We think the claim should be given an interpretation liberal enough to protect the inventor from the use of machines which differ only in nonessential changes which any skilled mechanic would know enough to make.

The decree is affirmed with costs.