### WAYNE MFG. CO. v. BENBOW-BRAMMER MFG. CO.

(Circuit Court of Appeals, Eighth Circuit.   March 6, 1909.)

No. 2,809.

1. Patents (§ 328*) — Claim 1 of Patent No. 535,465 to Schroeder for Means for Operating Washing Machines Sustained.

Claim 1 of letters patent No. 535,465, issued to John Schroeder, for means for operating washing machines, March 12, 1895, was not anticipated by figure 371 of Brown's "507 Mechanical Movements," nor by British letters patent No. 2,940, February, 1876, nor by letters patent No. 304,549, issued September 2, 1884, to Frank L. Palmer, and it is valid.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

2. Patents (§ 19*)—In Old Crowded Art Each Inventor Entitled to His Own Improvement.

Where an art is old and crowded so that no pioneer patent exists, and many inventors conceive and construct machines, combinations, and improvements therein which accomplish the desideratum with varying degrees of success, each inventor is entitled to his own machine, combination, or improvement, so long as it differs from those of his competitors and does not include theirs.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 19; Dec. Dig. § 19.*]

3. Patents (§ 27*)—Application to New Use When Invention and Patentable—When Not.

The application of an old machine, combination, or device, found in an analogous art, without substantial modification, to a new use, is not invention nor patentable, where its applicability would occur to a person of ordinary mechanical skill.

But such an application is invention and patentable where its applicability would not be perceived by a person of ordinary mechanical skill, where it is incapable of performing the function requisite to the new use without substantial modification, and where it was not designed by its maker, nor adapted, nor actually used, to perform such a function.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 31, 32; Dec. Dig. § 27.*]

4. Patents (§§ 235, 237*) — Infringement — Changes in Form Will Not Escape.

Changes of the form of a machine or combination secured by patent will not avoid infringement, where the principle of the invention is taken, unless the form is the distinguishing characteristic of the invention.

The substitution for two rows of teeth, which mesh around and engage with the cogs of a pinion in a patented device, of a single row of two-

---

faced teeth which performs the same function in the same way, will not avoid infringement.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 371, 374; Dec. Dig. §§ 235, 237.*]

5. PATENTS (§ 109*)—CLAIM—LIMITATION BY REJECTION AND AMENDMENT.

A patentee who acquiesces in the rejection of his claim on references is estopped from maintaining that an amended claim covers the combinations and devices shown in those references, or that it has the breadth of the rejected claim.

But he is not estopped from claiming and securing by an amended claim every improvement and combination he has invented that was not disclosed by the references upon which his original claim was rejected.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 152; Dec. Dig. § 109.*]

(Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the Eastern District of Missouri.

For opinion below, see 157 Fed. 559.

Hugh K. Wagner, for appellant.

Taylor E. Brown (C. Clarence Poole, on the brief), for appellee.

Before SANBORN and VAN DEVANTER, Circuit Judges, and W. H. MUNGER, District Judge.

SANBORN, Circuit Judge. On October 23, 1894, John Schroeder filed an application for a patent for "certain new and useful improvements in means for operating washing machines." In his specification he wrote:

"My invention relates to an improvement in means for operating washing machines, and it consists in a shaft which is revolved continuously in one direction by the operator, combined with an angular revolving shaft, which is made to revolve first in one direction and then in the other, and a vertically moving cylinder placed upon the angular shaft, and which is provided with a double row of teeth or cogs which extend partially around the cylinder, and which mesh with the pinion upon the driving shaft for the purpose of causing the angular shaft to revolve. * * * The object of my invention is to provide a mechanism for reciprocating rotary washing machines, whereby when the driving shaft is revolved continuously in one direction a rotary reciprocating motion is imparted to the operating shaft, the latter being provided with a pronged head whch causes the clothes to move first in one direction and then in the other, in the frame of the washing machine. * * * A represents the body or frame of the washing machine, and B the operating shaft which has the pronged head C secured to its lower end inside of the frame A, for the purpose of moving the clothes around first in one direction, and then in the other, as is customary with this class of machines."

And he claimed:

"An operating shaft having a rotary reciprocating motion, a cylinder placed upon the shaft and having a sliding movement thereon, and through which cylinder motion is alone communicated to the shaft, and a double row of teeth or cogs upon the cylinder extending at an angle to the shaft, combined with a driving shaft having means for revolving it attached to one end, and a wheel for engaging the teeth on the cylinder at the other, the driving shaft being driven continuously in one direction, substantially as shown.".

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On March 12, 1895, letters patent No. 535,465 were issued to him upon his specification and claim. On February 25, 1901, this court sustained the validity of this claim, and a decree for an injunction against and an accounting for the infringement of it. Brammer v. Schroeder, 46 C. C. A. 41, 106 Fed. 918.

In the opinion in that case may be found a drawing and a detailed description of the machine of that claim, and a statement of its purpose and of its mode of operation. They will not be here repeated. It is sufficient now to say that it consisted of a horizontal driving shaft with a pinion upon it, a vertical operating shaft and a vertical cylinder which was provided with a double row of teeth or cogs set horizontally upon it adapted to engage with the cogs of the pinion, and which was splined upon the vertical shaft so that it would slide up and down thereon, and so that any rotary motion of the cylinder would be imparted to the shaft by means of the tooth-bearing cylinder driven by the pinion. In operation the continuous rotation of the driving shaft in one direction imparted a planetary motion to the double row of teeth which traveled around and in mesh with the pinion of the driving shaft, and caused them, the sliding cylinder and the vertical shaft, to rotate first in one direction and then in the other.

The defendant below, the Wayne Manufacuring Company, made and sold washing machines which embodied the combination of Schroeder's first claim, except that the defendant substituted for the double row of teeth or cogs upon the sliding cylinder a single row of double-faced teeth or pins which meshed with the pinion of the driving shaft upon each side. The Benbow-Brammer Manufacturing Company, the plaintiff below, claimed to be the owner of this patent to Schroeder, and on April 20, 1906, exhibited its bill in the court below against the defendant for the infringement of the first claim of this patent, and upon a final hearing a decree was rendered in its favor, from which the Wayne Company has appealed. The appellant assails in this court the title of the complainant below, the validity of the first claim of the Schroeder patent, and the finding of the court below that it infringed.

### The Title.

In the complainant's chain of title there is an assignment of the patent, which it proved in this way: The grantors testified that they executed and delivered it to the grantee. The grantee testified that he received it, that he gave it to his attorneys to record, that he had never seen it since, but that he had made a search through his papers for it and had never been able to find it. In answer to a question on cross-examination he testified that some years previous he had made a settlement with H. F. Brammer Manufacturing Company at Keokuk, Iowa, that there were some papers in the court there, and that the assignment might be among them. His attorney, to whom he delivered the assignment for record, testified that he received and recorded it, and that after its record it was returned to him, and he delivered it either to the grantee or to Mr. Susemihl. Mr. Susemihl testified that he did not think that he had ever received it, but that he had searched through his office and papers for it and could not find

it. A certified copy of the record of the assignment in the Patent Office was introduced in evidence, and it is assigned as error that this copy was incompetent because the proof of the loss of the original was insufficient. The only ground for this specification of error is that the grantee testified that there were some papers at Keokuk some years previous, and that the assignment might be there. There is no testimony that this witness left it there or saw it among the papers in the court there, and his mere conjecture is clearly insufficient to overcome the testimony of the diligent and fruitless search made among their papers where it would probably be found, if anywhere, by those who would be most likely to have it, and there was no error in the admission of the certified copy, or in the conclusion of the court below that the complainant was the owner of the patent.

### Validity of Patent.

Counsel contend that the court below should have stricken down the first claim of this patent because the improvement it discloses was anticipated in 1868 by Fig. 371 of Brown's "507 Mechanical Movements," in 1876 by British letters patent No. 2,940 to James Norris, and in 1884 by letters patent No. 304,549 to Frank L. Palmer, which were not presented to this court in the case of Brammer v. Schroeder.

Fig. 371 of Brown's "507 Mechanical Movements" portrays a horizontal driving shaft and a pinion thereon which meshes with teeth inserted radially just beneath the periphery of a large wheel or disc, which has an opening near and in its periphery through which the pinion may pass from one face of the wheel or disc to the other as the wheel revolves, so that, as the driving shaft is continuously rotated in one direction, it causes the rotation of the wheel first in one direction and then in the opposite direction. In the former consideration of this case mangle-wheels, mangle-racks, and various devices to modify the mangle-wheel motion were considered, and held insufficient to anticipate the first claim of the Schroeder patent. Brown in his description of Fig. 371 states, what is evidently true, that this figure discloses a modification of the mangle-wheel motion; but the sliding tooth-bearing cylinder of Schroeder, one of the essential elements of his machine, is not portrayed by the figure nor suggested in the description of it, and they fail to anticipate the simple means which he devised to translate the continuous rotary motion of the driving shaft in one direction into the reciprocating rotary motion of the operating shaft in both directions by the use of this cylinder, and they must be here dismissed. The court below is sustained in the conclusion which it reached upon an examination of the figure and description that have been considered by the decisions of the Circuit Court of the Southern District of New York and of the Circuit Court of Appeals of the Second Circuit in which we concur. Benbow-Brammer Mfg. Co. v. Straus, 158 Fed. 627, 632; Benbow-Brammer Mfg. Co. v. Straus (C. C. A., 2d Cir.) 166 Fed. 114.

The patent to Norris describes a cumbersome and complicated lot of machinery assembled for the purpose of using the old mangle-rack to produce reciprocating rotary motion in the hollow drum of a

washing machine, which in this patent is shown in a horizontal position. In Norris' machine a floating pinion on the driving shaft is actuated by a belt running over a fixed pulley on its shaft. This pinion engages the teeth or pegs of a reversing rack upon a large wheel. As the pinion reaches the end of the rack it strikes a peg, which raises it in a slot provided for that motion, so that it passes to the other side of the rack and causes the wheel to revolve in the opposite direction until the pinion reaches the other end of the rack, when it repeats the operation. The reciprocating rotary motion thus produced is imparted to the operating shaft of the hollow drum of the washing machine by means of a belt running over a drum on the reversible wheel and a fixed pulley on the shaft of the hollow drum of the washing machine. In this machine of Norris the driving shaft and the operating shaft are parallel. Between the pinion on the former and the operating shaft there are interposed the large reversible pegged wheel, its drum, the belt thereon, and the pulley on the shaft, unnecessary machinery which it was one of the objects of Schroeder to eliminate, and which he did eliminate by his single element, the tooth-bearing sliding cylinder, which alone translates the continuous motion of the driving pinion into the reciprocating rotary motion of the operating shaft. It is obvious that this interposed machinery of Norris, the reversible pegged wheel, the drum upon it, the belt upon that drum, and the fixed pulley on the operating shaft of the washing machine drum over which this belt runs do not disclose or suggest Schroeder's sliding tooth-bearing cylinder, which does the work of all of them, nor the inexpensive machine in which Schroeder embodied it, and for this reason the first claim of the patent to Schroeder is not anticipated by the specification or drawings of the patent to Norris.

The letters patent to Palmer show a horizontal shaft, a large cylinder splined thereon bearing upon its surface numerous pattern racks of various shapes formed by driving pins or pegs into the surface of the cylinder, and a driving shaft with a pinion thereon capable of engaging with or being disengaged from the pins of the respective patterns at the will of the operator. The primary purpose of this invention was to construct machinery that would so move the fabric beneath the needle in a quilting machine at a uniform speed that desirable patterns might be wrought into the quilt by means of the needle. Palmer wrote in his specification:

"My new movement may be employed for various useful purposes, and particularly for changing the relative position of the fabric and needle as shown in my application for United States letters patent filed June 13, 1884, and of which the serial number is 134,735. The invention consists in the combination, with a body capable of movements in planes transverse to each other, and bearing upon its surface a pattern rack, or track, of a positively operating engaging device occupying a fixed position and acting upon said rack or track, whereby there is imparted to the movable body a movement in a direction conforming to the shape of the pattern rack or track and at a uniform speed throughout its extent."

He called his invention a new and useful mechanical movement, and stated in his specification that one of its objects was to convert a uniform rotary motion continuous in one direction into a variable

continuous or intermittent rotary motion in either direction. He stated that the forms or designs in which the pattern racks were delineated in his drawings were arbitrary and were made simply for illustrations. In these drawings he portrayed six designs, among which were a figure with nine sides, a parallelogram, and an ellipse. In the nine-sided figure the row of pegs which forms it incloses two long narrow spaces in the forms of parallelograms open at one end, so that it brings two rows of pins parallel and in close proximity at these portions of the figure for some distance. Counsel rely upon these open parallelograms in this figure to anticipate the double row of teeth of Schroeder's device. But the pegs which inclose these open parallelograms were a part of the single row of pegs which formed the large nine-sided figure, and they were not adapted to translate continuous rotary motion of the driving shaft in one direction directly into reciprocating rotary motion only, nor to constantly produce without intermission the alternating rotary motion of the vertical shaft of a washing machine. Palmer's machine portrays no double row of teeth or cogs whereby, without unnecessary intervening longitudinal motion, constant reciprocating rotary motion of a shaft could be produced. Moreover, while a method is shown whereby the shaft within the cylinder could be made to drive other machinery by means of a fixed pulley upon its end, the primary purpose of the invention was not to cause that shaft to operate other parts, but it was to produce a movement of the surface of the cylinder in any preferred direction, so that patterns might be wrought in quilts upon it as it moved the quilts beneath the needle. In other words, the shaft within the cylinder was primarily a passive or carrying shaft, and not an operating one.

It is true, as counsel contend, that this patent to Palmer discloses means of translating continuous rotary motion into reciprocating rotary motion, that the patentee was entitled to the benefit of every use to which these means could be put, whether he conceived them or not, and that the specifications and drawings of the patent anticipated every such means that the skill of the mechanic would deduce from them. It is equally true that Schroeder described and claimed means to attain the same general end, to translate continuous rotary motion in one direction into reciprocating rotary motion in both directions; but it does not follow from these facts that the device of Palmer necessarily anticipates the claim of Schroeder, because machines and combinations and improvements thereof for the purpose of effecting this translation existed from time immemorial. The art of this translation is crowded. It is so old that no pioneer patent now exists in it. Nevertheless, many inventors have labored and are still laboring and successfully endeavoring to make improvements in mechanical devices for this purpose. And where an art is crowded and so old that no pioneer patent exists therein, and many inventors have conceived and made machines, combinations, and improvements in it which accomplish the desideratum with varying degrees of success, each is entitled to his own machine or combination or improvement, so long as it differs from those of his competitors and does not include theirs. Railway Company v. Sayles, 97 U. S. 554, 556, 24 L. Ed.

1053; McCormick v. Talcott, 20 How. 402, 405, 15 L. Ed. 930; Stirrat v. Excelsior Mfg. Co., 10 C. C. A. 216, 217, 61 Fed. 980, 981; National Hollow Brake Beam Co. v. Interchangeable Brake Beam Co., 45 C. C. A. 544, 563, 106 Fed. 693, 712.

Not only this, but the translation of continuous rotary motion into reciprocating rotary motion is necessary and applicable to hundreds of different uses, and, because different mechanical means of accomplishing the general object of translation are requisite and convenient for different uses to which they may be applied, it is relevant and instructive to consider in the determination of the question of the anticipation of one improvement or combination in the general art by another the diverse uses for which the respective inventors conceived and constructed their machines, combinations, or improvements. The statute requires each applicant for a patent to describe his invention, and, in case of a machine, to explain the principle thereof and the best mode in which he has contemplated applying that principle. Rev. St. § 4888 (U. S. Comp. St. 1901, p. 3383). Palmer and Schroeder complied with this law. The best mode Palmer pointed out was by the use of his driving pinion engaging and disengaging at the will of the operator with pattern racks formed by the pins on the surface of his large splined cylinder, so that this quilt-bearing surface could be moved in any direction at a uniform speed beneath the needle. The best mode which Schroeder disclosed was by the use of his driving pinion constantly engaging with two rows of teeth set transversely on his vertical cylinder, which was splined to the shaft within it, and by which alone rotary reciprocating motion was imparted to the latter for the primary purpose of agitating clothes in a tub and thereby washing them. Instructed by Schroeder's improved means of translation of motion, it may seem easy now for a skilled mechanic to deduce his machine from the specification and drawings of Palmer. But that question is more wisely determined by the lesson of experience than by conjecture after the event. The record is full of proof of attempts to bring forth improved devices to serve the use of Schroeder's, to operate rotary washing machines. And yet in the 10 years between the patent to Palmer and that to Schroeder the eye of the mechanic never saw in Palmer's description, and his skill never produced from it, the simple, inexpensive, and effective device of Schroeder.

It is said that Schroeder's specification and claim is nothing but the portrayal of the application of the machine of Palmer to another use in the same or in an analogous art. It is a familiar rule that the application of an old machine or device, found in an analogous art, without substantial modification, to a new use, is not invention or patentable where its applicability would occur to a person of ordinary mechanical skill. On the other hand, such an application is invention and is patentable where its applicability would not be perceived by a person of ordinary mechanical skill, where it would not perform the function requisite for the new use without substantial modification, and where it was not designed by its maker, nor adapted, nor actually used, to perform such functions. Topliff v. Topliff, 145 U. S. 156, 161, 12 Sup. Ct. 825, 36 L. Ed. 658; Potts v. Creager, 155 U. S. 597,

608, 15 Sup. Ct. 194, 39 L. Ed. 275; Hobbs v. Beach, 180 U. S. 383, 390, 21 Sup. Ct. 409, 45 L. Ed. 586. The quilting pattern-bearing cylinder of Palmer with its driving shaft and carrying shaft parallel, conceived for the primary purpose of slowly moving the cylinder with uniform speed beneath the quilting needle, could not be made to perform successfully the function of driving a shaft of a rotary washing machine without radical modification. It was not designed by Palmer, nor adapted, nor actually used, to perform functions of that character. During the 10 years after the issue of Palmer's patent and before the issue of that to Schroeder, no mechanic ever deduced the device of the latter from that of the former. Palmer's patent was discovered and cited by the Examiner before the patent to Schroeder was issued, and yet that patent was granted by the Commissioner in the face of that fact. For 10 years now solicitors and courts have been searching the records and the law to decide attacks upon the validity of this patent, and no court has ever held that the specification and drawings of the Palmer patent anticipated or rendered it void. These facts are too persuasive and compelling to permit us to hold that there was no invention in conceiving Schroeder's improved means of translating continuous rotary motion into reciprocating rotary motion in the light of Palmer's patent and the prior state of the art, and our conclusion is that the mechanical means described in his first claim were novel, useful, that they evidenced invention, and that his patent for them is valid. Benbow-Brammer Mfg. Co. v. Heffron-Tanner Co. (C. C. )144 Fed. 429 (Ray, J.); Benbow-Brammer Mfg. Co. v. Richmond Cedar Works (C. C.) 149 Fed. 430 (Kohlsaat, J., on motion for injunction); Benbow-Brammer Mfg. Co. v. Knapp (Anderson, J., unreported); Benbow-Brammer Mfg. Co. v. Richmond Cedar Works (C. C.) 159 Fed. 161 (Kohlsaat, J., on final hearing); Benbow-Brammer Mfg. Co. v. Straus (C. C.) 158 Fed. 627 (Ray, J.); Benbow-Brammer Mfg. Co. v. Straus (C. C. A.) 166 Fed. 114.

## Infringement.

For the double row of teeth or cogs on the sliding cylinder of Schroeder the defendant substitutes a single row of two-faced teeth, which, by the same mode of operation, perform the same function as does the double row of Schroeder, and it relies upon this modification for its defense to the charge of infringement. But mere changes of the form of a device secured by patent do not avoid infringement, where the principle of the invention is taken, unless the form modified is the distinguishing characteristic of the invention; and the form of a double row of teeth as distinguished from the single row of two-faced teeth is not such a characteristic of this invention. National Hollow Brake Beam Co. v. Interchangeable Brake Beam Co., 45 C. C. A. 544, 562, 106 Fed. 693, 711; Columbus Watch Co. v. Robbins, 12 C. C. A. 174, 187, 64 Fed. 384, 396.

In order to escape from the effect of this principle, counsel invoke the rule that, where a patentee acquiesces in the rejection of his claim on references and subsequently amends it, he is estopped from claiming that the amended claim secures the device disclosed by the ref-

erences, or that it has the breadth of the rejected claim, and they contend that claim 1 of Schroeder's patent is limited to two rows of teeth, because, before the patent was granted and upon the citation of Palmer's patent, he substituted claim 1 for this earlier claim in his application:

"(1) A vertical operating shaft, and a cylinder placed upon said shaft and having a rising and falling movement thereon, and teeth or cogs upon its side, and through which teeth or cogs a rotary reciprocating motion is imparted to the shaft; combined with the driving shaft, having means for revolving it attached to one end, and a wheel for engaging the teeth on the cylinder at the other, the driving shaft being turned continuously in one direction substantially as shown."

But Palmer's patent fails to disclose either a single row of two-faced teeth or a double row of teeth whereby the actuating sliding cylinder of Schroeder could be given the constant rotary reciprocating motion required to accomplish the purpose of his invention. And, while the rejection on the reference to the patent to Palmer and the subsequent amendment may estop the plaintiff from claiming the improvements shown in Palmer's patent, they do not estop it from claiming and securing every improvement and combination which Schroeder invented that was not disclosed by Palmer's patent. National Hollow Brake Beam Co. v. Interchangeable Brake Beam Co., 45 C. C. A. 544, 565, 106 Fed. 693, 714; J. L. Owens Co. v. Twin City Separator Co. (C. C. A.) 168 Fed. 259 (8th Circuit, filed February 25, 1909). The defendant has taken the principle and mode of operation of Schroeder's invention. The single row of two-faced teeth is the plain mechanical equivalent of Schroeder's double row of teeth. It was not disclosed in the specification or drawings of Palmer, and the defendant's use of it did not relieve it of the charge of infringement.

The decree below must be affirmed, and it is so ordered.