### BIRD v. SEARS, ROEBUCK & CO.

(Circuit Court of Appeals, Second Circuit. April 28, 1924.)

No. 288.

1. Patents ⬦328—1,036,427, for roofing material, held valid and infringed.
    Bird patent, No. 1,036,427, for building and roofing material, *held* valid and infringed.

2. Patents ⬦168(3)—Rejection of claims and acquiescence held not to estop as to nature of mineral substance applied to building and roofing material.
    There having been no discussion in Patent Office regarding nature of mineral surfacing for building and roofing materials, but only with regard to nature or extent of its application to asphaltic surface, and rejection of certain claims not having been based on nature of mineral substance applied, no estoppel arose against patentee as regarded kind of mineral substance to be used by reason of acquiescence in rejection of such claims.

3. Patents ⬦178—Range of equivalents allowed to be commensurate with real scope of advance in art.
    Range of equivalents allowed should be commensurate with real scope of advance of art contributed by patentee, and a pioneer patent is entitled to a liberal construction and a broad range of equivalents.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Charles S. Bird against Sears, Roebuck & Co. Decree for plaintiff, and defendant appeals. Affirmed.

Suit is upon plaintiff's Patent 1,036,427, dated August 20, 1912, and containing one claim, to wit:

"Building and roofing material, comprising a sheet of paper furnished with an asphaltic coating having a continuous layer of soapstone particles, certain

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

areas or lines of said particles being embedded in said asphaltic material, thereby exposing the asphaltic material and producing areas or lines of contrasting color."

The specification of this invention declares as the object thereof the production of a roofing material having a flexible base, preferably formed of paper, a layer of asphaltic material of substantial thickness thereupon, and provided with a "surface coating of powdered soapstone, sand, or other comparatively small elements adapted to protect the asphaltic material from the action of the weather." Elsewhere in the specification the patentee states that he does not intend to limit himself "to the use of particles of mineral or other material of any particular size for the coating" hereinabove referred to.

There is absolute identity between the plaintiff's product and the alleged infringing article made for and sold by defendant, except that defendant uses crushed slate, instead of soapstone, as its mineral surfacing material. The fact appears to be that crushed soapstone is more expensive than crushed slate, and that plaintiff's licensees likewise habitually used slate, instead of soapstone. Thus absolute identity results between that which is put out, presumably under Bird's patent, and that in respect of which defendant denied infringement.

The court below held the patent valid and infringed, and defendant appealed.

William Houston Kenyon and Alan D. Kenyon, both of New York City, for appellant.

Charles Neave, of New York City (Harrison F. Lyman, of Boston, Mass., Merrell E. Clark, of New York City, and H. L. Kirkpatrick, of Boston, Mass., of counsel), for appellee.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). This is the "branding" patent considered by us in Bird v. Elaborated, etc., Co., 256 Fed. 366, 167 C. C. A. 536. In that case, either by the opinion of Hazel, J., in the District Court, or by our own opinion, we held that the patent now in suit was valid; that we agreed with the exposition of the same subject-matter made in the Seventh Circuit in West Coast, etc., Co. v. Elaborated, etc., Co., 249 Fed. 221, 161 C. C. A. 257. Further, that there was nothing in the prior art, as exemplified by the patents to Lee, Rugen and Abraham, and Hebblewaite and Holt, that furnished any substantial defense to an action on this patent. 256 Fed. 368, 372, 167 C. C. A. 536.

[1] We have considered the arguments now again ably urged upon us on this point, and adhere to the views heretofore expressed. We deem it now appropriate, however, to make one further holding with regard to Bird's contribution to the art of design roofing, viz.: This "branding" patent at bar is a pioneer. We do not mean to intimate that the same description might not be given to the "overlay" patent, but that is not before us in this case. We think that this patentee successfully solved the problem of applying in a simple and effective manner a permanent, durable design to ready roofing, by adding a pattern and showing how to put it there and make it stay. He thus added attractiveness to something which before that time had only cheapness to recommend it.

The assignments of error herein assert (1) that defendant has done nothing not substantially disclosed by the prior art; (2) that the patent

is invalid in view of prior art; and (3) that plaintiff has, as a condition of the grant of the patent to him, limited his own claim and therefore his own right to a roofing having a protective coating of soapstone particles as distinguished from mineral particles generally. The first and second of these assignments are disposed of by the holdings that we have already made. As to them we stand upon our previous decisions.

The third allegation of error rests upon the proceedings in the Patent Office as revealed by the file wrapper. As above pointed out, the specification or disclosure does not confine the proposed product to a coating of soapstone, and the claims originally proposed by plaintiff's solicitor used such phrases as "a protective coating of fine particles," "a protective layer of mineral particles," or "areas of mineral particles." For reasons which do not appear in the contents of the file wrapper, and seemingly as the result of a personal interview between examiner and solicitor, the patent issued with its single present claim as above quoted.

The doctrine invoked by appellant is that stated in Morgan, etc., Co. v. Albany, etc., Co., 152 U. S. 425, 14 Sup. Ct. 627, 38 L. Ed. 500, viz.: That the patentee having presented a claim, and the Office having rejected it, and such rejection having been acquiesced in, the patentee is "estopped to claim the benefit of his rejected claim, or such a construction of his present claim as would be equivalent thereto." This is a rule of estoppel, and, like all estoppels, must be interpreted in the light of that which was the subject of discussion when estoppel is alleged to have arisen. The objection to the claims as filed made by the examiner rested upon the assertion that "designs made up of granular material" were old in such references as Walter, 268,964. We think it reasonably clear that what the Office insisted on, and what Bird acquiesced in, was the proposition that he should not even seem to claim a roofing of which the design was produced by omitting the surfacing material from certain lines of the asphaltic coating. There is no evidence that the nature of the surfacing material was ever discussed.

[2] We hold, within the doctrine of Vrooman v. Penhollow, 179 Fed. 296, 102 C. C. A. 484, and Wayne, etc., Co. v. Benbow, 168 Fed. 271, 93 C. C. A. 573, that, there having been no discussion in the Office regarding the nature of the mineral surfacing, but only with regard to the nature or extent of its application to the asphaltic surface, and no rejection having been based upon the nature of the mineral substance applied, the estoppel as urged on behalf of defendant did not arise. It follows, therefore, that the claim in suit is entitled to such range of equivalents as is appropriate in a pioneer patent.

[3] It must be admitted that the range allowed should "always be commensurate with the real scope of the advance in the art contributed by the patentee." Continental, etc., Co. v. Eastern, etc., Co., 210 U. S. 405, 28 Sup. Ct. 748, 52 L. Ed. 1122. A pioneer patent is entitled to a "liberal construction and a broad range of equivalents." Autopiano Co. v. American, etc., Co., 22 Fed. 276, 138 C. C. A. 38; Outlook Co. v. Samuel Cupples Co., 223 Fed. 327, 138 C. C. A. 589. Under this doctrine plaintiff is plainly entitled, within the oft-quoted case of Trei-

bacher v. Roessler, 219 Fed. 210, 135 C. C. A. 108, to a holding that a protective coating of crushed slate is the equivalent of a similar coating of soapstone.

Decree affirmed, with costs.

⬩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes